IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


AMERICAN GENERAL LIFE      )
INSURANCE COMPANY        )
                                  ) NO. 3-15-0340
v.                          ) JUDGE CAMPBELL
                                  )
WILLIAM D. MASON and       )
PATRICK T. DAVIS           )


MEMORANDUM


Pending before the Court is Defendant Davis' Motion for Summary Judgment (Docket No. 35). For the reasons stated herein, Defendant Davis' Motion is GRANTED.

INTRODUCTION

This interpleader and declaratory judgment action was filed by American General Life Insurance Company regarding a life insurance policy ("the Policy") dated September 28, 1990, covering the life of Patrick Davis. The Policy contained a Spouse's Term Life Insurance Rider ("Spousal Rider") that provided for payment of the death benefit to the Insured (Davis) in the event that the Spouse, Mia Davis, predeceased the Insured.

The Spouse's Term Life Insurance Rider specifically provided: "If the Spouse dies before the Termination Date of this rider, and while this rider is in force, we will pay the Death Benefit to the Insured after we receive due proof of death and proper written notice of claim." Docket No. 1-1, p. 19.

On June 10, 1996, Patrick Davis executed a document called Absolute Assignment of Life Insurance Policy ("the Assignment"), in which he assigned to William D. Mason, Sr., by gift, "all

incidents of ownership and control, and all right, title and interest in and to" the Policy. Docket No. 1-1, p.1. In that Assignment, Patrick Davis is listed as the Insured and Mia Davis is listed as the Beneficiary. *Id.*

Patrick Davis and Mia Davis divorced, and Mia Davis died shortly thereafter, on November 27, 2013. Defendants Mason and Davis have submitted to Plaintiff competing claims to the death benefit under the Spousal Rider. Plaintiff claims no title to or interest in the life insurance benefits payable on the death of Mia Davis and has filed this action for declaratory judgment, asking the Court to release Plaintiff from liability for the death benefit payable under the Spousal Rider and to determine which Defendant is entitled to that money. By Order of the Magistrate Judge, the sum of $55,000 plus accrued interest, was deposited into the Court's registry until such time as the Court makes a decision as to which party is entitled to receive the death benefit.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk*

*Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

ANALYSIS

Defendant Davis argues that the Assignment to Mason transferred ownership of the Policy but did not change the Beneficiary or the Insured. Therefore, as the Insured, Davis claims he is entitled to the Spousal Rider's death benefit.

Defendant Mason, on the other hand, contends that transfer of ownership through the Assignment gave him control of the policy and all benefits, values, and privileges allowed by Plaintiff, including being the beneficiary. Defendant Mason also contends that Mr. Davis submitted a second Request Form changing the named beneficiary from Defendant Davis and naming his sister-in-law as the contingent beneficiary.

Mason supports this argument with the Affidavit of Charles Williams, an employee of Plaintiff American General. Docket No. 39-1. Williams states that Defendant Davis executed not only the Assignment of ownership of the policy to Mr. Mason, but also a form changing the Beneficiary of the Policy from himself and his mother-in-law to his sister-in-law, Yolanda Jones "as the contingent beneficiary." *Id.*

3

There are several problems with Mr. Mason's argument. First, no one has presented a copy of this change of beneficiary form - we have only the hearsay testimony of Mr. Williams. In addition, even if Mr. Davis changed the Beneficiary under the Policy, as Mr. Mason claims, that change (according to Mr. Williams) was to make Yolanda Jones a contingent beneficiary, not Mr. Mason. Yolanda Jones is not a party to this action. Finally, and most importantly, the Spousal Rider provides for payment to the *Insured*, not the Beneficiary, so even if the Beneficiary had changed, the language of the Spousal Rider does not provide for payment to the Beneficiary.

Obviously, the Assignment could not have changed the Insured under the Policy. Mr. Davis remained the Insured at all times, no matter if the Owner or Beneficiary changed. And the Spousal Rider specifically provides for payment to the Insured.

The Court finds that Defendant Davis, as the Insured, is entitled to payment of the Spousal Rider death benefit. The Court interprets the language of the Policy as written, and that language, "we will pay the Death Benefit to the Insured," will be enforced.

## CONCLUSION

For these reasons, Defendant Davis' Motion for Summary Judgment (Docket No. 35) is GRANTED, and Defendant Davis is awarded judgment in the amount of the benefits deposited into the Court, $55,000, plus interest. The Clerk shall award that money to Defendant Patrick T. Davis. This action is DISMISSED, and the Clerk is directed to close the file.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE